**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GRAY–GRIMES TOOL COMPANY, INC., Respondent.**

No. 76–1139.

United States Court of Appeals, Sixth Circuit.

July 13, 1977.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., John D. Burgoyne, Alan Banov, Washington, D. C., for petitioner.

John W. Frasco, John F. Youngblood, Anthony G. Carlesimo, Bloomfield Hills, Mich., for respondent.

Before PHILLIPS, Chief Judge, and EDWARDS and LIVELY, Circuit Judges.

ORDER

The National Labor Relations Board applies for enforcement of its order reported at 221 N.L.R.B. 736. Reference is made to

the decision of the Board for a recitation of pertinent facts.

The Board found that the Company violated § 8(a)(3) and (1) of the Act in the particulars set forth in its reported decision. The Company also was found to have violated § 8(a)(5) and (1) by not giving the union an opportunity to bargain about the effect on the workers of the closing of Gray-Grimes. Among other things the Company was required to bargain collectively with the Union about the effects of its closing and to pay back wages to Gray-Grimes employees from the date of the closing.

We conclude that the decision of the Board is supported by substantial evidence on the record considered as a whole, but that the remedy should be modified to provide for payment of backpay to employees only from the date the union shall request the Company to bargain about the effects of the closing on the workers to the time an agreement shall be reached or a bona fide impasse shall occur.

Accordingly, it is ORDERED that paragraph 2(b) of the Board's order be modified to read as follows:

(b) Pay the Gray-Grimes employees backpay, at the rate of their normal wages when last in Respondent's employ, from the date the Union shall request the Respondent to bargain on those subjects pertaining to the effects of the plant closing on its employees until (1) an agreement shall be reached; or (2) until a bona fide impasse in bargaining; or (3) until the Union fails to commence negotiations after its request for bargaining or to bargain in good faith. If Respondent decides to resume its Gray-Grimes operation and offers to reinstate its employees to their same or substantially equivalent positions, its liability will cease as of that date. Backpay will be based on the earnings including fringe benefits which the employees normally would have received during the applicable period less any net interim earnings and shall be computed on a quarterly basis in the manner set forth in *F.W. Woolworth Company*, 90

N.L.R.B. 289, with interest thereon. *Isis Plumbing & Heating Co.*, 138 N.L.R.B. 716.

It is further ORDERED that the order of the Board, as herein modified, be and hereby is enforced. No costs are taxed. Each party will bear its own costs in this court.