LEWIS, APPELLEE, *v.* BENSON, SUPT., APPELLANT.

(No. 79-182—Decided November 28, 1979.)

*Mr. Ronald H. Janetzke,* for appellee.

*Mr. William J. Brown,* attorney general, and *Ms. Phyllis R. Streitel,* for appellant.

LYNCH, J. The issue in this case is whether the trial court erred in allowing interest on an award of back pay to a wrongfully discharged state civil service employee.

Appellee, Lewis, cites numerous National Labor Relations Act cases in which wrongfully discharged employees of private employers were allowed interest on the back pay awarded to them. *E.g., N.L.R.B.* v. *Gray-Grimes Tool Co.* (C.A. 6, 1977), 557 F. 2d 1233, 1234; *Isis Plumbing & Heating Co.* (1962), 138 N.L.R.B. No. 97, 51 LRRM 1122. He

urges this court to adopt the same principle of law for wrongfully discharged state civil service employees.

However, the law makes a distinction on the liability for payment of interest between a private corporation and a sovereign state. The fourth paragraph of the syllabus in *State, ex rel. Parrott,* v. *Board of Public Works* (1881), 36 Ohio St. 409, reads as follows:

"In the absence of a statute requiring it, or a promise to pay it, interest cannot be adjudged against the state for delay in the payment of money."

*Indus. Comm.* v. *Phillips* (1926), 114 Ohio St. 607, 623-624, is in accord with the *Parrott* case.

There is no statutory authority for an award of interest on back pay for a wrongfully discharged state civil service employee. A public employee holds his office as a matter of law and not of contract. *Fuldauer* v. *Cleveland* (1972), 32 Ohio St. 2d 114.

Most states have held that in the absence of a statute authorizing it, or a lawful contract requiring it, a state is not liable to pay interest on its debts. *Maurice L. Bein, Inc.,* v. *Housing Authority* (1958), 157 Cal. App. 2d 670, 321 P. 2d 753; *Brown* v. *State Highway Comm.* (1970), 206 Kan. 49, 476 P. 2d 233; *East Orange* v. *Palmer* (1968), 52 N.J. 329, 245 A. 2d 327; *Purdy Estate* (1972), 447 Pa. 439, 291 A. 2d 93; *Bond* v. *State* (1967), 70 Wash. 2d 746, 425 P. 2d 10; *Guaranty Trust Co.* v. *West Virginia Turnpike Comm.* (1959), 144 W. Va. 266, 107 S.E. 2d 792.

We conclude that the trial court erred in allowing interest on the award of back pay to appellee Lewis.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, P. BROWN, LOCHER and HOLMES, JJ., concur.

W. BROWN, J., dissents.

LYNCH, J., of the Seventh Appellate District, sitting for Sweeney, J.