Relator, Don W. Reyna, has brought this original action in mandamus seeking additional "longevity pay" associated with his employment with the Ohio Department of Youth Services ("ODYS") and various other public employers. In order to obtain a writ of mandamus, the relator must establish that he has a clear legal right to the relief requested, the respondent has a clear legal duty to grant it, and no adequate remedy at law exists to vindicate the claimed right. State ex rel. Hattie v. Goldhardt
(1994), 69 Ohio St.3d 123, 125. Because relator has established that he has a clear legal right to the relief requested, his request for a writ is granted.
Relator was hired by ODYS into a nonbargaining unit position, effective December 11, 1989, and ceased his employment with ODYS on March 16, 1996. Prior to his employment with ODYS, relator had prior public employment as follows:
 (a) Ohio Department of Development — January 4, 1971 — August 28, 1971;
 (b) City of Columbus, Ohio — March 10, 1972 — January 5, 1973;
 (c) Ohio State University — January 8, 1973 — September 5, 1974;
 (d) Franklin County, Ohio, Domestic Relations Court — October 8, 1975 — February 25, 1977;
 (e) Franklin County, Ohio, Adult Probation Department — March 25, 1977 — June 14, 1985;
 (f) Ross Correctional Institution — February 9, 1987 — December 20, 1987;
 (g) Pickaway Correctional Institution — December 20, 1987 — September 10, 1988; and
 (h) Hocking Technical College — September 12, 1988 — September 12, 1989.
Throughout his employment with ODYS, relator held positions that were exempt from collective bargaining and was paid in accordance with Salary Schedule E-1 of R.C. 124.152. When relator was hired by ODYS, he was credited with two years and two hundred eighty-seven days of prior public service, which was used to calculate his longevity pay. He was apparently credited with only his direct service to the state of Ohio. InState ex rel. Reyna v. Natalucci-Persichetti (November 25, 1997), Franklin App. No. 97ADP03-350, unreported (1997 Opinions 4949, 4950-4951), affirmed (1998) 83 Ohio St.3d 194, we determined that appellant should have been credited with 13.52 years of prior public service credit, in addition to the 2.79 years with which they had already credited him, when ODYS hired him December 11, 1989. In Reyna v. Natalucci-Persichetti, we granted a writ of mandamus compelling ODYS to provide appellant with the proper vacation credit based on the additional 13.52 years of public service, but we declined to credit the additional years of public service with regard to longevity pay because appellant failed to name the Director of the Ohio Department of Administrative Services ("ODAS") as a party to the action.
Relator filed the present action for mandamus against respondent, Sandra A. Drabik, who is currently the Director of ODAS, asserting that he was entitled to 16.31 years of total credit based upon his prior public service, which should have been used to calculate his longevity pay. In his brief, relator also argues that because he was not credited for all of his prior public service at the time he began employment with ODYS, he was denied longevity pay of $15,233.01 during his time of service with ODYS. Relator also requests that we award him pre- and postjudgment interest and his costs for bringing the action.
Initially, we note that respondent does not set forth any argument in her brief that relator was not entitled to credit for the 16.31 years of prior public service when he was hired by ODYS on December 11, 1989. We find that based on our finding in Reyna v. Natalucci-Persichetti, relator's brief and the record, relator was entitled to 16.31 years of total prior public service credit when he was hired by ODYS on December 11, 1989.
Relator next asserts that he was entitled to receive longevity pay automatically based upon his total prior public service credit of 16.31 years. R.C. 124.181(E) provides for longevity pay. The version of R.C. 124.181 that was in effect at the time relator began employment with ODYS on December 11, 1989, provided, in pertinent part:
 (A) Except as provided in division (M) of this section, any employee paid under schedule A or B of section 124.15 or under schedule E-1 of section 124.152 of the Revised Code is eligible for the pay supplements provided herein upon application by the appointing authority substantiating the employee's qualifications for the supplement and with the approval of the director of administrative services except as provided in division (E) of this section.
* * *
 (E) Except as otherwise provided in this division, beginning on the first day of the pay period within which the employee completes five years of total service with the state government or any of its political subdivisions, each employee in positions paid under salary schedules A and B of section 124.15 or under salary schedule E-1 of section 124.152 of the Revised Code shall receive an automatic salary adjustment equivalent to two and one-half percent of the classification salary base, to the nearest whole cent. Each employee shall receive thereafter an annual adjustment equivalent to one-half of one per cent of his classification salary base, to the nearest whole cent, for each additional year of qualified employment until a maximum of ten per cent of the employee's classification salary base is reached. The granting of longevity adjustments shall not be affected by promotion, demotion, or other changes in classification held by the employee, nor by any change in pay range for his class. Longevity pay adjustments shall become effective at the beginning of the pay period within which the employee completes the necessary length of service. Time spent on authorized leave of absence shall be counted for this purpose. [Emphasis added.]
Former Ohio Adm. Code 123:1-37-03, effective at the time appellant was hired by ODYS, provided:
 Those employees who have completed a minimum of five years of total service with the state or any of its political subdivisions shall receive the longevity pay supplement which shall be a percentage equal to one-half of one percent for each year of such service. This percentage shall be an automatic pay supplement administered by the Department of Administrative Services, and shall be applicable to the entire pay period in which that date occurs. A maximum accumulation of ten percent shall be applicable after twenty years of total service. [Emphasis added.]
In her brief, respondent presents no argument that relator was not entitled to at least some amount of supplemental longevity pay based upon his total prior public service credit. Throughout his employment with ODYS, relator held positions that were exempt from collective bargaining and was paid in accordance with Salary Schedule E-1 of R.C. 124.152. Further, relator had completed a minimum of five years of service with the state and/or its political subdivisions when he began his employment with ODYS. Thus, pursuant to former R.C. 124.181(E) and former Ohio Adm. Code 123:1-37-03, we find that relator was automatically entitled to the longevity pay supplement.
Having determined that relator is entitled to longevity pay, we must next determine to how much longevity pay relator is entitled. In her brief, respondent asserts that any recovery of longevity pay awarded to relator would be "capped" by the statute of limitations set forth in R.C. 2305.07. R.C. 2305.07
provides, in pertinent part:
 Except as provided in sections 126.301 [126.30.1] and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.
In his reply brief, relator concedes that R.C. 2305.07
precludes recovery of any longevity pay payable to him beyond six years from the date he filed his claim in the present action. Relator filed his complaint in mandamus on January 13, 1998. Therefore, relator may only recover for longevity pay due him between January 13, 1992 and March 16, 1996.
Because we have determined that relator is entitled to longevity pay for the period of January 13, 1992 to March 16, 1996, respondent will be directed to calculate the proper amount due to relator for that period. The method for calculating longevity pay can be found in R.C. 124.181(E). R.C.124.181(E) provides that a qualifying employee receives a salary bonus, or "adjustment," of 2.50 percent of his or her classification salary base beginning on the first day of the pay period within which the employee completes five years of total service. For each year of total service after the fifth completed year, the employee receives an additional "adjustment" of .50 percent of his or her classification salary base until a maximum of ten percent of the employee's classification salary is reached. Thus, to calculate the proper longevity supplement, one needs only to know the employee's (1) classification and pay range, (2) classification salary base, and (3) years of total service.
Respondent asserts that relator was entitled to substantially less than the amounts he claims. Respondent attached to her brief the affidavit of Connie McGrady, a Human Resources Analyst Supervisor at ODAS, who averred that relator was entitled to a total of $230.82 in longevity pay based upon his 16.31 years of prior service credit, which includes supplemental pay for the two years of service we have determined to be unrecoverable due to the statute of limitations found in R.C. 2305.07. Ms. McGrady also averred that according to her calculations, relator had already been paid $70.86 in longevity pay during the period in question and, thus, respondent was entitled to a total of $159.96. Respondent attached no calculations showing how Ms. McGrady arrived at her totals. In her brief, respondent claims that it is "only logical" to defer to the calculations of ODAS because the procedures for calculating longevity pay are not set forth in the Ohio Revised Code, the Ohio Administrative Code, or any other rules or regulations. Respondent also argues that because:
 * * * Ms. McGrady has had extensive experience calculating service credit and longevity pay, she is far more knowledgeable than either party or their attorneys on the subject. Accordingly, great deference should be given to Ms. McGrady's calculations, and her conclusions that Mr. Reyna would only be entitled to $159.96 at most should be adopted.
Relator attached to his reply brief a spreadsheet containing his own calculations of the longevity pay he believes he is due for the period of January 13, 1992 to March 16, 1996. According to relator's calculations, he was due a total longevity supplement of $15,303.87 during the four years and two months of service at ODYS. Relator did not have sufficient knowledge as to how much longevity pay he had already been paid during this period, but he utilized the calculation of $70.86 averred to by Ms. McGrady to arrive at a total of $15,233.01 in longevity pay due him.
After considering the briefs of both parties and the evidence presented, we find that relator's method of calculation comports with the method provided in R.C. 124.181(E). As we have already pointed out, contrary to respondent's claim, R.C.124.181 provides the method for calculating longevity pay. We are unable to determine how respondent and Ms. McGrady arrived at their totals. Although respondent did not attach any calculations showing how those totals were determined, relator attached to his reply brief a letter from counsel for respondent sent to his counsel, which had attached to it handwritten calculations of Connie McGrady. The figures used by Ms. McGrady are not explained, and we cannot determine how she performed her calculations or what the monetary numbers represent. However, one simple calculation would have alerted relator that something was obviously wrong with Ms. McGrady's calculations. Taking 1995 for example, which was the last complete year in which relator was employed by ODYS, relator would have been entitled to longevity pay of ten percent of the bottom annual salary for his classification, which was approximately $40,000. Thus, for 1995 alone, relator would have been entitled to approximately $4,000 in longevity pay. Although respondent has failed to support her calculations with any explanation, we do not believe that they comport with the methods delineated in R.C. 124.181(E). Accordingly, we issue a writ of mandamus compelling respondent to calculate and pay to relator the amount of longevity pay due him, based upon his total prior service credit and according to the formula provided in R.C. 124.181(E) and applied correctly by relator in his reply brief, for the period from January 13, 1992 to March 16, 1996.
Relator also requests that this court award him pre- and postjudgment interest on the amounts he was not paid by ODAS. In State ex rel. Parrott v. Bd. of Public Works (1881), 36 Ohio St. 409, paragraph four of the syllabus, the Supreme Court of Ohio held that "[i]n the absence of a statute requiring it, or a promise to pay it, interest cannot be adjudged against the state for delay in the payment of money." The Supreme Court of Ohio has consistently reaffirmed its position that interest cannot be assessed against the state in the absence of authority to the contrary or a contractual obligation or promise. See Beifuss v. Westerville Bd. Of Edn. (1988), 37 Ohio St.3d 187; Lewis v. Benson (1979), 60 Ohio St.2d 66; Indus.Comm. v. Phillips (1926), 114 Ohio St. 607. In light of the foregoing, and because appellant can cite to no statute or other authority that authorizes interest in this action, appellant cannot receive interest on his payment of supplemental pay.
Accordingly, we issue a writ of mandamus ordering respondent to (1) determine how much longevity pay relator was paid from January 13, 1992 to March 16, 1996; (2) calculate the amount of longevity pay relator should have been paid for the period from January 13, 1992 to March 16, 1996, based upon his total prior service credit and according to the formula provided in R.C.124.181(E), and correctly applied by relator in his brief; and (3) pay relator the total amount due after subtracting the amount he was already paid from the amount he should have been paid.
Writ of mandamus issued.
LAZARUS, P.J., and TYACK, J., concur.