DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, William White, Marsha Pukas, John Eldridge, Shirley Kosar, Gregory Markovich, Kathleen Peters, and Sylvia Scruggs-DeJournett, appeal from a decision of the Summit County Court of Common Pleas, which affirmed an administrative ruling approving the abolishment of their county jobs.
 {¶ 2} We reverse and remand for further proceedings consistent with this opinion.
 I. {¶ 3} This appeal arises from the abolishment of several jobs of nonbargaining unit employees of the Summit County Department of Human Services ("DHS"). The abolishments were implemented in two phases. The first phase, effective on January 31, 1997, terminated the employment of Appellants White and Pukas; the second phase, effective on April 18, 1997, terminated the employment of Appellants Kosar, Eldridge, Peters, Markovich, and Scruggs-DeJournett.
 {¶ 4} Each of the Appellants appealed to the Summit County Human Resource Commission ("HRC"), and their cases were consolidated. The HRC appointed a hearing officer, who ultimately recommended that the HRC reverse the abolishment of the positions of Kosar, Eldridge, and Peters, and that the HRC affirm the abolishment of the positions of Markovich, White, Pukas, and Scruggs-DeJournett. Rejecting in part and affirming in part the hearing officer's recommendations, the HRC upheld the original decision to abolish all of the positions at issue.
 {¶ 5} Appellants filed an administrative appeal with the Summit County Court of Common Pleas on May 1, 1998. On August 31, 1999, the trial court affirmed the decision of the HRC. Appellants then appealed the trial court's decision to this Court. This Court reversed the decision of the trial court and remanded the case for further proceedings, on the ground that the matter had not been decided by the assigned judge, but had instead been transferred to a visiting judge without the appropriate journal entry. See White v. Summit Cty. (2000),138 Ohio App.3d 116, 117. On remand, after having the visiting judge properly assigned to the case, the trial court issued a new decision, affirming the HRC decision.
 {¶ 6} A second appeal to this Court followed. In that appeal, this Court again reversed the decision of the trial court and remanded the case for further proceedings, on the ground that the trial court reviewed the administrative ruling under an incorrect standard. See White v. Summit, 9th Dist. No. 21152, 2003-Ohio-1807. On remand, the trial court again affirmed the HRC decision.
 {¶ 7} This third appeal followed. Appellants raise four assignments of error.
 II. Assignment of Error No. 1
"The court of common pleas failed to apply the correct standard of review after remand"
 {¶ 8} In their first assignment of error, Appellants maintain that the trial court applied the incorrect standard of review after remand We agree.
 {¶ 9} The Appellants requested the court of common pleas to review the decision of an administrative body, the HRC. Such appeals are governed by R.C. 2506.01 to 2506.04.
 {¶ 10} R.C. 2506.02 describes the record which must be prepared and filed by the administrative body whose decision has been appealed to a court of common pleas. This record consists of a transcript of "all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision appealed from."
 {¶ 11} R.C. 2506.03 provides that the court of common pleas reviewing the administrative body's decision is ordinarily "confined to the transcript as filed pursuant to [R.C. 2506.02]." The trial court may, however, hear additional evidence under certain circumstances; one of these circumstances is the failure of the administrative body to "file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from." R.C. 2506.03(A)(5).
 {¶ 12} Because the HRC failed to file conclusions of fact in support of its decision, the trial court admitted supplemental evidence submitted by the Appellants. Therefore, the record before the trial court consisted of two sets of materials: (1) the record filed by the HRC; and (2) the supplemental evidence submitted by Appellants, which included various depositions and exhibits, as well as materials connected with criminal charges filed against two DHS supervisors.
 {¶ 13} The Ohio Supreme Court has explained the correct standard of review to be applied by a court of common pleas in an R.C. 2506 appeal, stating that:
"The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v. Youngstown Bd. of Zoning Appeals (2000),90 Ohio St.3d 142, 147.
 {¶ 14} In our April 9, 2003 decision reversing the judgment of the court of common pleas on the basis that it reflected an incorrect standard of review, this Court underscored three excerpts from that court's judgment entry.
 {¶ 15} First, this Court examined the trial court's initial presentation of the standard of review. After reciting the standard provided by Henley, the trial court stated that it would "determine whether the supplemental evidence, in relationship to the agency's ruling, supports or defeats the conclusions and ruling made by [the HRC] at the administrative level." The trial court went on to explain,
"[i]n other words, does the supplemental evidence, as considered by this Court when applied to the administrative ruling, establish that the agency's findings and conclusions were supported by a preponderance of substantial, reliable and probative evidence[?] This Court must also determine whether the supplemental evidence renders the ruling unconstitutional, illegal, arbitrary, capricious or unreasonable."
 {¶ 16} Next, this Court examined the trial court's disposition of the Appellants' claim that the HRC's decision to abolish their jobs was in bad faith and was not supported by a preponderance of the evidence. In its analysis of this claim, the trial court cited Bispeck v. Bd. of Commrs. Of Trumbull Cty.
(1988), 37 Ohio St.3d 26, for the proposition that "if there is `some evidence' to support the abolishment of the jobs for reasons of efficiency and economy, the Summit County HRC's decisions must be affirmed."
 {¶ 17} Finally, this Court called attention to the trial court's conclusion, which reads: "Based upon a review of the whole record, including any supplemental evidence, there is reliable, probative, and substantial evidence to affirm the decision of the Summit County HRC to abolish appellants' jobs."
 {¶ 18} Based upon these three components of the judgment entry, this Court found that the trial court applied an incorrect standard of review in reaching its decision. This Court reversed the trial court's decision and remanded the cause for a review of the HRC decision under the appropriate standard. Following remand, on July 28, 2003, the trial court issued a new judgment entry affirming the HRC decision. The July 28, 2003 decision is virtually identical to the May 22, 2002 decision, with the two following pertinent exceptions.
 {¶ 19} In the first section of its order, the trial court inserted a sentence which reads: "Upon remand, the Court will apply the applicable standard of review and review the case including all pleadings, evidence submitted and all evidence supplemental to the DHS administrative proceedings." Additionally, the trial court modified its conclusion, incorporating the preponderance of evidence burden. That conclusion now reflects the correct standard of review, reading:
"Based on a review of the whole record, including any supplemental evidence, this Court finds the administrative order of the Summit County HRC abolishing appellants' jobs is supported by a preponderance of substantial, reliable, and probative evidence. The Court further finds the Summit County HRC's decision was neither unconstitutional, illegal, arbitrary, capricious nor unreasonable."
 {¶ 20} In addition to these two revisions, however, the most recent order also reiterates, verbatim, two of the passages emphasized by this Court in our decision finding that the trial court applied an incorrect standard of review.
 {¶ 21} In its initial exposition of the applicable standard of review, the trial court reprinted its statement that:
"this Court must determine whether the supplemental evidence, in relationship to the agency's ruling, supports or defeats the conclusions and rulings made by DHS at the administrative level. In other words, does the supplemental evidence, as considered by this Court when applied to the administrative ruling, establish that the agency's findings and conclusions were supported by a preponderance of substantial, reliable and probative evidence[?]"
 {¶ 22} This statement reflects the trial court's plan to sever the two sets of evidentiary materials and consider them separately, deferring to the agency's interpretation of the evidence that was before it, and using the supplemental evidence as a lens through which to scrutinize the agency's ruling. Such an analytical structure contradicts the standard delineated byHenley, which instructs the courts of common pleas to consider the record, "including any new or additional evidence admitted under R.C. 2506.03," as an integrated whole, and determine whether, in light of that whole record, the agency's ruling is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial evidence."
 {¶ 23} Moreover, the trial court once again cited Bispeck
for the proposition that "if there is `some evidence' to support the abolishment of the jobs for reasons of efficiency and economy, the Summit County HRC's decision must be affirmed." As we noted in our April 9, 2003 decision, the standard announced byBispeck is not applicable to administrative appeals.
 {¶ 24} These incorrect descriptions of the standard of review are not remedied by the addition of an introductory statement expressing the trial court's intention to consider all of the evidence; nor are they cured by the modification of the trial court's conclusion such that it now recites the correct standard. The trial court stated its intentions to apply incorrect standards. Therefore, we must conclude that the trial court did indeed review the agency ruling under those incorrect standards, and that consequently, its judgment is erroneous as a matter of law and may not stand See Copley Twp. Bd. of Trustees v.Lorenzetti (2001), 146 Ohio App.3d 450, 454. Appellants' first assignment of error is sustained.
 Assignment of Error No. 2
"The court erred in failing to find each job abolishment invalid for failure to comply with procedural prerequisites, such that each appellant is entitled to judgment as a matter of law."
 Assignment of Error No. 3
"A. The decision below was an abuse of discretion, because there was no evidence that the decisions to abolish the positions of appellants were necessary and justified by economy and efficiency."
"B. The decision below was against the manifest weight of the evidence, in that the decisions to abolish the positions of appellants were not supported by a preponderance of evidence that the actions were necessary and justified by economy and efficiency."
 Assignment of Error No. 4
"The court erred as a matter of law in that the evidence showed that the decisions were made in bad faith."
 {¶ 25} Our disposition of the first assignment of error renders the remaining assignments of error moot. Therefore, we decline to address them. See App.R. 12(A)(1)(c).
 III. {¶ 26} Appellants' first assignment of error is sustained. The remaining assignments of error are moot, and we decline to address them. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
Whitmore, P.J., Baird, J., Batchelder, J., Concur.