DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, William White, Marsha Pukas, John Eldridge, Shirey Kosar, Gregory Markovich, Kathleen Peters, and Sylvia Scruggs-DeJournett, appeal from a decision of the Summit County Court of Common Pleas, which affirmed an administrative appeal concerning the abolishment of their county jobs. We reverse and remand.
 {¶ 2} This appeal arises from the abolishment of several jobs of non-bargaining unit employees of the Summit County Department of Human Services ("DHS"). The abolishments were implemented in two phases. The first phase, effective on January 31, 1997, terminated the employment of Appellants White and Pukas; the second phase, effective on April 18, 1997, terminated the employment of Appellants Kosar, Eldridge, Peters, Markovich, and Scruggs-DeJournett.
 {¶ 3} Each of the Appellants appealed to the Summit County Human Resource Commission ("HRC"), and their cases were consolidated. The HRC appointed a hearing officer, who ultimately recommended that the HRC reverse the abolishment of the positions of Kosar, Eldridge, and Peters, and that the HRC affirm the abolishment of the positions of Markovich, White, Pukas, and Scruggs-DeJournett. The HRC upheld the original decision to terminate all of the positions at issue, thus rejecting in part and affirming in part the hearing officer's recommendations.
 {¶ 4} Appellants filed an administrative appeal with the Summit County Court of Common Pleas on May 1, 1998. On August 31, 1999, the trial court affirmed the decision of the HRC. Appellants then appealed the trial court's decision to this Court. On June 7, 2000, this Court reversed the decision of the trial court and remanded the case for further proceedings, on the ground that the matter had not been decided by the assigned judge, but had instead been transferred to a visiting judge without the appropriate journal entry. See White v. Summit Cty. (2000),138 Ohio App.3d 116, 117. On remand, after having the visiting judge properly assigned to the case, the trial court issued a new decision, affirming the HRC decision on May 22, 2002.
 {¶ 5} A second appeal to this Court followed. This Court again reversed the decision of the trial court in a decision dated April 9, 2003, and remanded the case for further proceedings, on the ground that the trial court reviewed the administrative ruling under an incorrect standard. See White v. Summit Cty., 9th Dist. No. 21152, 2003-Ohio-1807. On remand, the trial court again affirmed the HRC decision on July 28, 2003.
 {¶ 6} Appellants appealed to this Court a third time. In a May 26, 2004, decision, this Court again reversed the trial court and remanded the case for further proceedings, on the ground that the trial court reviewed the agency ruling under an incorrect standard of review, and therefore, the judgment was erroneous as a matter of law. See White v.Summit, 9th Dist. No. 21736, 2004-Ohio-2672. On remand, the trial court again affirmed the HRC decision on October 12, 2004.
 {¶ 7} This fourth appeal followed. Appellants raise four assignments of error for our review, and ask this Court to enter final judgment for Appellants, pursuant to App. R. 12(B) or 12(C). For ease of discussion, we shall consider the assignments of error out of order, and review assignments of error I and III(B) together.
 ASSIGNMENT OF ERROR I
"The court of common pleas failed to apply the correct standard of review after remand."
 ASSIGNMENT OF ERROR III (B)
"The decision below was against the manifest weight of the evidence, in that the decisions to abolish the positions of Appellants were not supported by a preponderance of evidence in the whole record."
 {¶ 8} In their first assignment of error, Appellants assert that the trial court applied the incorrect standard of review after remand. Specifically, Appellants argue that although the trial court has issued four decisions, all nearly identical, the lower court has failed to make a fresh review under the correct standard. We agree.
 {¶ 9} In Assignment of Error III(B), Appellants argue that the trial court's decision to abolish their positions was against the manifest weight of the evidence because such a decision was not supported by a preponderance of evidence in the record. We agree.
 {¶ 10} Appellants' administrative appeal from the Human Resource Commission's decision to the common pleas court was governed by R.C. 2506.01 et seq. See R.C. 2506.01. When reviewing a decision pursuant to R.C. 2506.04, the common pleas court:
"[C]onsiders the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v. Youngstown Bd.of Zoning Appeals (2000), 90 Ohio St.3d 142, 147.
 {¶ 11} Pursuant to R.C. 2506.04, the common pleas court may "affirm, reverse, vacate, or modify the order * * * or remand the cause to the officer or body appealed from with instructions to enter an order * * * consistent with the findings or opinion of the court."
 {¶ 12} While the Appellants' appeal to this Court is also governed by R.C. 2506.01 et seq., "[t]he standard of review to be applied by [this Court] in an R.C. 2506.04 appeal is `more limited in scope.'" (Emphasis sic.) Henley, 90 Ohio St.3d at 147, citing Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. In Henley, the Ohio Supreme Court explained its analysis of this Court's review procedure stating:
"[R.C. 2506.04] grants a more limited power to the court of appeals[,] * * * which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Id at 147. (Citations omitted).
 {¶ 13} Therefore, when reviewing a common pleas court's order which determined an appeal from an administrative agency, "[w]e must affirm the [trial court] unless that court's decision `is not supported by a preponderance of reliable, probative and substantial evidence.'" (Citations omitted.) Russell v. Akron Dept. of Public Health, Hous.Appeals Dept. (2001), 142 Ohio App.3d 430, 432; see also, Copley Twp.Bd. of Trustees v. Lorenzetti (2001), 146 Ohio App.3d 450, 454. In making this determination, this Court applies an abuse of discretion standard. Lorenzetti, 146 Ohio App.3d at 454. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 14} With regard to the supplemental evidence in the record, R.C. 2506.03 provides that the court of common pleas reviewing the administrative body's decision is ordinarily "confined to the transcript as filed pursuant to [R.C. 2506.02]." The trial court may, however, hear additional evidence under certain circumstances; one of these circumstances is the failure of the administrative body to "file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from[.]" R.C. 2506.03(A)(5). When the HRC failed to file conclusions of fact in support of its decision, the trial court permitted the admission of supplemental evidence submitted by Appellants. Therefore, the record before the trial court consisted of two sets of materials: (1) the record filed by the HRC; and (2) the supplemental evidence submitted by Appellants, which included various depositions and exhibits, as well as materials connected with criminal charges filed against two DHS supervisors.
 {¶ 15} We begin our analysis by noting that the trial court's October 12, 2004, decision is essentially identical to its July 28, 2003, decision. In the October 2004 decision, the trial court removed the text from the July 2003 decision which referred to the "some evidence" proposition from Bispeck v. Bd. of Commrs. Of Trumbull Cty. (1988),37 Ohio St. 3d 26, 31. It was this text which this Court called to the trial court's attention, in our May 2004 opinion, as part of the incorrect standard of review. The trial court has since removed the text, also cited in our May 2004 opinion, regarding the separate consideration of the initial agency's ruling and supplemental evidentiary materials. Instead, the trial court added the following paragraphs in its Standard of Review section:
"In reviewing the decision of the Summit County HRC, we must determine whether the decision is `unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.' * * * The common pleas court may affirm, reverse, vacate, modify, or remand the decision to the board appealed from. R.C. 2506.04. However an appeal to the common pleas court is limited in scope:
"[T]he court is required to confirm the decision of the administrative agency unless, as a matter of law, it finds that the decision or actions of the administrative agency in reaching that decisions is not supported by a preponderance of reliable, probative, and substantial evidence upon the whole record.' Czubaj v. City of Tallmadge, 9th Dist. No. 21389,2003-Ohio-5466, at ¶ 9."
The rest of the trial court's October 2004 decision is identical to the July 2003 decision, including its concluding paragraph, which states:
"Based on a review of the whole record, including any supplemental evidence, this court finds the administrative order of the Summit County HRC abolishing appellants' jobs is supported by a preponderance of substantial, reliable, and probative evidence. The court further finds the Summit County HRC's decision was neither unconstitutional, arbitrary, capricious nor unreasonable."
 {¶ 16} This Court concludes that such changes in the October 2004 judgment entry means the text of the trial court's most recent decision did, in fact, contain the correct standard of review. Contrary to Appellants' arguments, we find that the trial court corrected the standard of review from the previously incorrect text in its July 2003 judgment entry. The October 2004 decision now recites the correct standard of review throughout the judgment entry: when considering the whole record, the decision of the administrative agency was or was not supported by a preponderance of substantial, reliable and probative evidence.
 {¶ 17} In their appellate brief, Appellants acknowledge that while the trial court's fourth decision has deleted the erroneous descriptions of the standard of review, the trial court has not applied any different standard of review on this remand and has failed to make a fresh review of the evidence. We agree. While the trial court may have changed its October 2004 journal entry to reflect the correct standard of review, the subsequent text remains virtually identical to the July 2003 decision. This Court is not persuaded that the trial court applied the correct standard of review in analyzing the evidence when it is clear the rest of the journal entry remains the same as the previous decisions.
 {¶ 18} In addition, this Court has identified several other issues with the trial court's decision. In the Standard of Review section of the opinion, the trial court may have corrected the technical language from errors in the past decisions, but the language regarding the "whole record" of evidentiary materials gives us pause. After quoting Henley,
the trial court goes on to state:
"Therefore, this court will review `the whole record' including all evidentiary materials submitted at both the administrative level and the trial court level and will give due deference to all administrative decisions on evidentiary conflicts before the agency. Further all supplemental evidence submitted post-DHS proceedings will also be considered. This court does not conduct a de novo review of the evidence presented to the agency. However, supplemental evidence presented at the trial court level will be considered by this court, without deference to any other prior rulings by the agency."
Here, the trial court's language continues to make it appear as if it is still considering the primary and supplemental evidence in a bifurcated manner, an error which this Court instructed the lower court to correct in previous decisions. Despite the trial court stating it would consider the whole record, the fact that it clarifies that it will also further consider all the supplemental evidence submitted following the DHS proceedings leads us to question if a simultaneous review of the whole record took place.
 {¶ 19} Furthermore, the trial court's language regarding the "evidentiary conflicts" before the HRC is questionable, considering the HRC decided to abolish the jobs of all Appellants without issuing any findings of fact or conclusions of law, pursuant to R.C. 2506.03(A), and even though the hearing officer had arrived at a different results following the issuance of two separate reports and recommendations. We do not understand how the trial court can state that it will give due deference to all administrative decisions on evidentiary conflicts before the agency when no findings of fact or conclusions of law were issued.
 {¶ 20} Additionally, the supplemental evidence in the record before the trial court showed John Keenan, Assistant Human Services Director for Business and Support Services, and his supervisor, William Hartung, County Executive's Director of Finance and Operation, resigned from their county employment in January 1998 and March 1998, respectively. Both individuals played key roles in deciding which jobs would be eliminated. Keenan subsequently pled guilty to federal charges of bribery, conspiracy and tax evasion in connection with misdirecting county funds. The fact that the trial court had information regarding the numerous discrepancies found in documents filed by Summit County with the HRC or the millions of Summit County dollars both individuals misdirected for their personal gain in the supplemental evidence, but did not even address it in any of the journal entries, leads this Court to conclude that the evidence before the trial court regarding the administrative order fell below theHenley standard, and that the trial court's October 2004 decision was both arbitrary and capricious.
 {¶ 21} Therefore, we conclude that the trial court erred in its original analysis deciding in favor of Appellee. We note that the evidence in this case is voluminous and thus we decline to undertake a recitation of what has previously been discussed in the prior appeal. However, the volume of conflicting evidence, both in the primary and supplemental record, submitted to the trial court leads this Court to conclude that if the trial court applied the correct standard of review in previous appeals, it would have found that the decision of the HRC was unsupported by the preponderance of substantial, reliable, and probative evidence.
 {¶ 22} This Court recognizes that our scope of review is more limited than the trial court's review, and that finding an abuse of discretion by a trial court means a serious flaw has occurred in the trial court's process, one that goes beyond a mere error in judgment. From the evidence indicated above, along with deference to the judgment of the HRC and trial court, this Court concludes that the trial court's finding that the administrative order of the HRC abolishing Appellants' jobs was not supported by a preponderance of substantial, reliable and probative evidence. We sustain Appellants' first assignment of error and Assignment of Error III(B).
 ASSIGNMENT OF ERROR II
"The court erred in failing to find each job abolishment invalid for failure to comply with the procedural prerequisites."
 ASSIGNMENT OF ERROR III (A)
"The decision below was an abuse of discretion, because there was no evidence that the decisions to abolish the positions of Appellants were necessary and justified by economy and efficiency."
 ASSIGNMENT OF ERROR IV
"The court erred as a matter of law in that the evidence showed that the decisions were made in bad faith."
 {¶ 23} Our disposition of assignment of error I and III(B) renders the remaining assignments of error moot, and we decline to address them. See App. R. 12(A)(1)(c).
 {¶ 24} We sustain Appellants' assignments of error I and III(B). The remaining assignments of error are moot. The judgment of Summit County Court of Common Pleas is reversed, and the trial court is instructed to enter judgment on behalf of Appellants.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, J. Batchelder, J. concur.