DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, William White, Marsha Pukas, Sylvia Scruggs-DeJournett, John Eldridge, Shirley Kosar, Kathleen Peters, and Gregory Markovich (collectively "Employees"), appeal from the judgment of the Summit County Court of Common Pleas which denied their motion for prejudgment interest. This Court affirms.
 I. {¶ 2} Employees lost their jobs when Appellee, Summit County ("the County") decided to abolish certain positions in the Summit County Department *Page 2 
of Human Services ("DHS"). The County's decision was implemented in two phases. The first phase, effective on January 31, 1997, terminated the employment of White and Pukas; the second phase, effective on April 18, 1997, terminated the employment of Kosar, Eldridge, Peters, Markovich, and Scruggs-DeJournett.
 {¶ 3} Each of the Employees appealed to the Summit County Human Resource Commission ("HRC"). The HRC hearing officer recommended that the HRC reverse the abolishment of the positions of Kosar, Eldridge, and Peters, and that the HRC affirm the abolishment of the positions of Markovich, White, Pukas, and Scruggs-DeJournett. The HRC upheld the original decision to terminate all of the positions at issue.
 {¶ 4} From that decision, Employees filed an administrative appeal. On August 31, 1999, the trial court affirmed the decision of the HRC. Employees appealed the trial court's decision to this Court. On June 7, 2000, we reversed the decision of the trial court and remanded the case for further proceedings. See White v. Summit Cty. (2000),138 Ohio App.3d 116, 117 (reversing on the basis that the matter had been decided by a visiting judge without the appropriate journal entry assigning the case to that judge). On remand, after having the visiting judge properly assigned to the case, the trial court issued a new decision, affirming the HRC decision on May 22, 2002.
 {¶ 5} A second appeal to this Court followed. This Court again reversed the decision of the trial court and remanded the case for further proceedings. See *Page 3 White v. Summit Cty., 9th Dist. No. 21152, 2003-Ohio-1807 (reversing because the trial court reviewed the administrative ruling under an incorrect legal standard).
 {¶ 6} Following our second remand, the trial court again affirmed the HRC decision. In turn, Employees appealed to this Court a third time. In a May 26, 2004, decision, this Court again reversed the trial court and remanded the case for further proceedings. See White v. SummitCty., 9th Dist. No. 21736, 2004-Ohio-2672 (reversing because the trial court again reviewed the administrative ruling under an incorrect legal standard).
 {¶ 7} On October 12, 2004, after our third remand, the trial court again affirmed the HRC decision. This Court reversed the trial court's decision, finding that the trial court's affirmance of the administrative order was not supported by a preponderance of substantial, reliable and probative evidence. White v. Summit Cty., 9th Dist. No. 22398, 2005-Ohio-5192, at ¶ 22. Following this final remand, the parties began negotiating the amount of back pay due to Employees. The parties resolved many of their disputes, but one final dispute remained. Employees asserted that they were entitled to prejudgment interest on their back pay. The County asserted that it was not liable for prejudgment interest. The trial court agreed with the County and denied Employees' motion for prejudgment *Page 4 
interest. Employees filed two separate appeals from that matter.[1]
This Court consolidated the appeals and now addresses the merits of Employees' claims.
 EMPLOYEES' ASSIGNMENT OF ERROR "AFTER APPELLANTS WERE HELD TO BE WRONGFULLY LAID OFF, IT WAS ERROR TO FAIL TO ORDER PAYMENT OF INTEREST ON THE LOST PAY FOR THE FULL PERIOD OF THE WRONGFUL EXCLUSION FROM EMPLOYMENT."
 {¶ 8} In their sole assignment of error, Employees assert that the trial court erred in denying their request for prejudgment interest. Specifically, Employees assert that common law entitles them to prejudgment interest on their back pay. We disagree.
 {¶ 9} In support of their argument, Employees assert that the Ohio Supreme Court has found that municipal employees are entitled to prejudgment interest on back pay. See State ex rel. Crockett v.Robinson (1981), 67 Ohio St.2d 363, 367-68. Employees then assert that the County's charter effectively makes the County a municipality. Employees, therefore, conclude that the County must pay prejudgment interest.
 {¶ 10} Initially, we note that Employees are correct that the County has adopted the broadest powers it can under its charter. Section 3, Article X of the Ohio Constitution permits a county charter to provide "for the concurrent or *Page 5 
exclusive exercise by the county, in all or in part of its area, of all or of any designated powers vested by the constitution or laws of Ohio in municipalities[.]" Pursuant to that authorization, Section 1.01 of the Summit County Charter grants the County
 "all powers specifically conferred by this Charter or incidental to powers specifically conferred by this Charter and all other powers which the Constitution and laws of Ohio now or hereafter grant to counties to exercise or do not prohibit counties from exercising, including the concurrent exercise by the County of all or any powers vested in municipalities by the Ohio Constitution or by general law."
To that extent, this Court has recognized that the County has home rule power by virtue of its charter. See Akron-Canton Chapter AmericanSubcontractors Association v. Morgan (Sept. 1, 1982), 9th Dist. No. 10724. Employees assert that this broad power must also contain the obligations imposed on municipalities. We cannot agree with Employees' conclusion.
 {¶ 11} In the absence of a statute requiring it, or a promise to pay it, interest cannot be adjudged against the state for delay in the payment of money. State ex rel. Montrie Nursing Home, Inc. v.Creasy (1983), 5 Ohio St.3d 124, 126-27. However, as noted above, a contrary rule has been applied with regard to interest assessed against a municipal corporation. Crockett, 67 Ohio St.2d at 367-68; see, also,State ex rel. Dean v. Huddle (1976), 45 Ohio St.2d 234. Important to our analysis, in Beifuss v. Westerville Bd. of Edn. (1988),37 Ohio St.3d 187, the Ohio Supreme Court held that a public school board of education is not liable for the payment of prejudgment interest on an award of back pay absent a statute *Page 6 
requiring such payment or an express contractual agreement to make such payment. Id. at syllabus. In so doing, the Court noted as follows:
 "Appellants initially contend that interest should be assessed against a public school board just as it is assessed against a municipal corporation. We disagree. Although a public school board is not per se a state agency controlled by the State Personnel Board of Review, it has long been recognized as quite different from a municipal corporation." (Emphasis omitted.) Id. at 189.
 {¶ 12} Due to its charter, the County presents a unique scenario. InBeifuss, the Court noted that public school boards do not have home rule powers. As noted above, the County does retain such powers. However, theBeifuss Court also noted as follows:
 "It is well settled that a board of education is a quasi corporation acting for the public as one of the state's ministerial education agencies for the organization, administration and control of the public school system of the state." (Quotations and citation omitted.) Id.
The Beifuss Court went on to conclude that
 "a public school board can be accurately described as an arm of the state with its direct duties and powers defined extensively in Title 33 of the Revised Code and through its receipt of direct guidance and support from the State Board of Education. There is no question but that the public school boards, as arms or agencies of the state, are ultimately managed and controlled by the dictates of the General Assembly." (Alterations and quotations omitted.) Id.
 {¶ 13} Following the approach taken by the Beifuss Court, we reach a similar conclusion. Employees worked for the County's Department of Human Services, now known as the Department of Job and Family Services. The General Assembly, not the County's charter, permitted the creation of that department. *Page 7 
R.C. 329.01. Moreover, Revised Code Chapter 329 extensively details the department's duties and powers. R.C. 329.02 requires that employees be in Ohio's classified civil service and requires the director to perform certain actions. Additionally, R.C. 329.04(A)(1) requires the department to
 "Perform any duties assigned by the state department of job and family services regarding the provision of public family services, including the provision of the following services to prevent or reduce economic or personal dependency and to strengthen family life[.]"
In turn, R.C. 329.04(A)(2)-(12) details other powers and duties of county departments of job and family services.
 {¶ 14} We conclude, therefore, that like public school boards, county job and family service departments are "ultimately managed and controlled by the dictates of the General Assembly." Beifuss,37 Ohio St.3d at 189. Consequently, we find that the County's Department of Job and Family Services is an arm of the state and that prejudgment interest may not accrue against it absent a statute authorizing such interest. As Employees have not sought interest under any statute, the trial court properly denied their claim for prejudgment interest.
 {¶ 15} Our conclusion is supported by the Ohio Supreme Court's pronouncement on the issue of prejudgment interest in this context. InState ex rel. Carver v. Hull (1994), 70 Ohio St.3d 570, the Court declined to award prejudgment interest to an employee of a county sheriff's department. In that matter, the Court noted as follows in dicta: *Page 8 
 "[Appellant's] authority does not specifically establish that a county can be held liable for interest on a judgment at all, much less for prejudgment interest." Id. at 579, fn. 3.
We conclude, therefore, that the trial court did not err in denying Employees' motion for prejudgment interest.
 {¶ 16} Employees' sole assignment of error lacks merit.
 MARKOVICH'S ASSIGNMENT OF ERROR "AFTER APPELLANTS WERE WRONGFULLY TERMINATED, AND A PATTERN OF CORRUPT ACTIVITY HAD RESULTED IN THE TERMINATIONS PREVENTING GOOD FAITH EFFORTS BY THE EMPLOYER TO RESOLVE THE CONFLICT BY NEGOTIATION AND REINSTATE THE EMPLOYEES, INTEREST ON THE LOST PAY FOR THE FULL PERIOD OF THE WRONGFUL TERMINATION SHOULD BE AVAILABLE."
 {¶ 17} In his assignment of error, Markovich asserts that the trial court erred in failing to award prejudgment interest under R.C.1343.03(C). We find no merit in this contention.
 {¶ 18} In their motion in the trial court, Employees sought prejudgment interest under common law and under R.C. 1343.03(A). At no time below did Employees seek prejudgment interest under R.C.1343.03(C). As this issue was never presented to the trial court, we will not consider it for the first time on appeal. Markovich's sole assignment of error lacks merit. *Page 9 
 III. {¶ 19} Employees' sole assignment of error is overruled, and Markovich's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
DICKINSON, J. CONCURS
[1] Markovich filed an individual notice of appeal. The remaining Employees filed a consolidated notice of appeal.