DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, City of Akron and Akron City Council, appeal the judgment of the Summit County Court of Common Pleas, which reversed Akron City Council's denial of an application for a conditional use permit filed by appellees, Joseph R. Wilson and Wilson Towing Service, Inc. This Court reverses.
 I. {¶ 2} Appellees are the owners of certain property on Evans Avenue in Akron, Ohio. Appellees legally operate a salvage yard at 1015 Evans Avenue. That property is not the subject of this appeal. Over the years, appellees have sought to use the property located at 963-999 Evans Avenue to extend their dismantling, salvaging and storage of motor vehicles business. On March 27, 1996, the City of Akron, Department of Public Safety sent an Order to Comply to appellee Wilson to discontinue such use of the property at 963-999 Evans Avenue, because appellees had failed to comply with all of the provisions of Chapter 153.070 of the Akron Zoning Code regarding conditional zoning approvals.
 {¶ 3} On March 10, 1998, the Summit County Court of Common Pleas in case number CV 98 01 0367 issued a permanent injunction order based upon the agreement of the parties Joseph R. Wilson, dba ABC Auto Recycling, and the City of Akron. The order enjoined appellee Wilson from using the 963-999 Evans Avenue property, among other things, for the storage of worn out, discarded and accident damaged motor vehicles for the reason that "[t]he operations and conditions at the property endanger the public health, safety, welfare and aesthetics and constitute a nuisance that is subject to abatement." Appellee Wilson was further enjoined from the receipt of additional worn out, discarded, wrecked, dismantled, salvaged, reclaimed and accident damaged motor vehicles at the property. Appellee Wilson was to have removed all such motor vehicles from the property by March 24, 1998.
 {¶ 4} On September 20, 2001, the City of Akron filed a motion to show cause in case number CV 98 01 0367, asserting that appellee Wilson was again using the 963-999 Evans Avenue property for the storage of motor vehicles in violation of the trial court's permanent injunction order as well as the city zoning code. The City of Akron, Department of Public Service Zoning Inspector further averred in an affidavit attached to the motion that appellee Wilson had not obtained conditional use zoning approval to use the property in such a way.
 {¶ 5} By letter to the Akron City Planning Commission, dated July 17, 2002, appellees' attorney requested conditional rezoning of the 963-999 Evans Avenue property "for the use of outside storage of accident damaged vehicles; vehicles parts salvaging, or reclaiming in order to allow an outside storage of impounded police vehicles; and abandoned motor vehicles." On September 12, 2002, appellees filed a petition for conditional use of the property at 963-999 Evans Avenue. Appellees stated that the proposed use is "[f]or the conditional rezoning of said property pursuant to Section 153.072(H), of the Akron Zoning Code for a Vehicle Reclaiming Yard." By memorandum dated September 23, 2002, the Comprehensive Planning Section informed the city zoning administrator that it recommended disapproval of appellees' petition for the reason that "granting a conditional use to a facility that has not been sensitive to standards kept by nearby businesses would be a move in the wrong direction."
 {¶ 6} The Akron City Planning Commission held a public hearing on appellees' petition on September 27, 2002. Appellees' counsel, appellee Wilson and Tony Chadima of MAC Automotive Services spoke in support of appellees' petition. Appellees submitted the affidavit of James Reinbolt, a local architect, who averred that appellees' proposed use for the property would be compatible and consistent with existing neighboring uses, that the proposed use would not cause any reduction in property values, and that the proposed use would not adversely affect the surrounding properties as a result of noise or any other reason.
 {¶ 7} Mike Antenucci, Akron City Planner, opposed the petition on the basis of the unsightly nature of impound/salvage areas and the fact that the area has developed as a viable commercial/industrial park with substantial investments by several other companies. He added that he heard from nearby businesses, Shin-Etzu Silicones and Shin-Cor Silicones, who opposed appellees' petition out of concerns with the appearance of the property and ground contamination. George T. George spoke in opposition to the petition, stating that a "junkyard" would stifle the campus-like atmosphere established by other businesses in the area, as well as his own plans to develop his nearby 20-acre parcel, which is zoned for residential use. Carl Severns, who lives just north of appellees' property, asserted that appellees have consistently used the property since 1996 for the dismantling and storage of vehicles, notwithstanding various orders to comply. Mr. Severns asserted that the dust and dirt from appellees' use of the property in such a way prohibits him from opening the windows in his home. At the conclusion of the hearing, the Akron City Planning Commission voted 3-0 to disapprove appellees' petition for conditional use of the property.
 {¶ 8} Akron City Council held a public hearing on appellees' petition on October 28, 2002. Ward 2 councilman Finley spoke in support of appellees' petition, asserting that appellees merely wanted to make full use of their property. Mr. Severns reiterated his concerns that appellees have failed to comply with the law regarding the use of the 963-999 Evans Avenue property since 1996. He asserted that appellees maintain more than 1000 vehicles on the property, stacked 5 to 8 cars high. Mr. Severns reiterated that he is "sick of it. Can't even open my windows in the summer from the dust and the dirt coming in the windows. Over $30,000 worth of new windows that I can't open." On December 16, 2002, Akron City Council denied appellees' petition for conditional use of the property by a vote of 8 to 5.
 {¶ 9} On December 27, 2002, appellees filed an administrative appeal pursuant to R.C. Chapter 2506 in the trial court. Appellees alleged that Akron City Council's denial of their petition for conditional use was "not based upon the evidence in the whole record, and furthermore was arbitrary, capricious, unconstitutional, illegal and an exercise in partisan, political politics at its finest."[1] On May 18, 2004, the trial court heard additional evidence pursuant to R.C. 2506.03(A)(5), because Akron City Council failed to file with the transcript any conclusions of fact supporting their denial of appellees' petition. The trial court heard the testimony of James Reinbold, Councilman Finley and realtor Carolyn Riley, and viewed the video deposition of Louis Sharpe, a former city planning director, zoning administrator, urban renewal director and community development director. The trial court judge also conducted a view of the premises with the parties the same day, visiting appellees' two parcels and the surrounding area.
 {¶ 10} On July 8, 2005, the trial court issued a lengthy order reversing and remanding the decision of the Akron City Council upon findings that the decision was not supported by a preponderance of reliable, probative, and substantial evidence, and that the decision was unreasonable and arbitrary. The trial court further ordered the City of Akron, upon remand, to issue to appellees a conditional use permit, subject to certain enumerated conditions. Appellants timely appeal, setting forth three assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE LOWER COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT CONCLUDED THAT THE DECISION OF AKRON CITY COUNCIL WAS UNREASONABLE AND ARBITRARY AND NOT SUPPORTED BY THE PREPONDERANCE OF RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE ON THE WHOLE RECORD."
 {¶ 11} Appellants argue that the trial court abused its discretion by according greater weight to evidence adduced at the May 18, 2004 hearing and discounting other evidence in the record. This Court agrees.
 {¶ 12} Appellees' appeal from the decision of Akron City Council to the common pleas court was governed by R.C. 2506.01 et seq. See R.C. 2506.01. When reviewing a decision pursuant to R.C.2506.04, the common pleas court:
"considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v.Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 147.
Pursuant to R.C. 2506.04, the common pleas court may, consistent with its findings upon consideration of the whole record, "affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court."
 {¶ 13} The standard of review to be used by an appellate court in an R.C. 2506.04 appeal is "more limited in scope."Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at fn. 4. "The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Lorain City School Dist. Bd. of Edn. v.State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261. Nevertheless, "[i]t is incumbent on the trial court to examine the evidence." Id.
 {¶ 14} Therefore, when reviewing the judgment of a common pleas court which determined an appeal from an administrative agency, "[w]e must affirm the [trial court] unless that court's decision `is not supported by a preponderance of reliable, probative and substantial evidence.'" White v. Cty. of Summit,
9th Dist. No. 22398, 2005-Ohio-5192, at ¶ 13, quoting Russell v.Akron Dept. of Public Health, Hous. Appeals Dept. (2001),142 Ohio App.3d 430, 432. In making such a determination, this Court applies an abuse of discretion standard. White at ¶ 13, citingCopley Twp. Bd. of Trustees v. Lorenzetti (2001),146 Ohio App.3d 450, 454. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 15} In this case, this Court finds that the trial court abused its discretion when it discounted the "focus of discussion in Moore's Memorandum, the Staff Memorandum, the Planning Commission Meeting, the City Council Planning Committee Meeting, and the City Council Meeting indicating that the conditional use requested by [appellees] is no longer desired by the City," on the basis that such focus constituted "an attempt by the City to use its land use plan as a legislative Zoning Map and an attempt to accomplish an unlawful rezoning without legislative action." In support of the trial court's finding, appellees citeHydraulic Press Brick Co. v. Council of City of Independence
(1984), 16 Ohio App.3d 204 and Gillespie v. Stow (1989),65 Ohio App.3d 601 for the proposition that a council acts beyond the scope of its administrative powers when it denies a conditional use in reliance upon general aspirations, which have not become legislatively adopted standards.
 {¶ 16} In 1987, Akron City Council passed, and the mayor approved, Ordinance No. 83-1987, which adopted the revised Land Use and Development Guide Plan (the "land use plan") for the City of Akron and directed that the land use plan shall serve "as a guide for more orderly growth and development." The ordinance further stated that it was an emergency measure "necessary for the immediate preservation of the public peace, health and safety for the reason that a plan to provide for the orderly growth and development of the City of Akron is necessary[.]" The enactment of Ordinance No. 83-1987 constituted legislatively adopted standards which were expressly intended to guide decisions regarding growth and development in the city in the interests of public peace, health and safety. Accordingly, this case is more analogous to K-Mart Corp. v. Westlake City Council (1997),121 Ohio App.3d 630, cited by appellees for the proposition that "the city could review its guide plan in reaching zoning decisions because the guide plan was specifically incorporated into the city's zoning code which stated that an objective of the zoning code was to carry out the objectives of the Guide Plan." Although Ordinance No. 83-1987 does not change the zoning of any area in the city, council took legislative action, after pubic meetings, notice and hearing, to incorporate the land use plan as a valid consideration in determining appropriate growth and development in the city. Therefore, the trial court abused its discretion by discounting evidence in the record of Mr. Moore's, the Planning Commission's, the Planning Committee's and City Council's consideration of the land use plan as guidance for their respective recommendations and decisions.
 {¶ 17} This Court finds that the trial court further abused its discretion when it discounted the evidence "in Moore's Memorandum, the Staff Memorandum, the Planning Commission Meeting, the City Council Planning Committee Meeting, and the City Council Meeting regarding the merits and demerits of Wilson's petition for conditional use" as "conclusionary [sic] rather than factual discussions."
 {¶ 18} Akron Zoning Code ("A.Z.C.) 153.077 states:
"The planning staff, the City Planning Commission, and Council, when studying a petition for a conditional use, shall review the particular facts and circumstances of each proposed use in terms of the following standards, and if taking favorable action on the proposal, shall find adequate evidence that the use:
"(A) Will be harmonious with and in accordance with the general objectives of the city's Comprehensive Plan;
"(B) Will be designed, constructed, operated, and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity and will not change the essential character of the same area;
"(C) Will not be hazardous or disturbing to existing or future neighboring uses;
"(D) Will be served adequately by essential public facilities such as highways, streets, police and fire protection, drainage structures, refuse disposal, water and sewers and schools; or that the person or agency responsible for the establishment of the proposed use shall be able to provide adequately any such services;
"(E) Will not create excessive additional requirements at public cost for public facilities and services, and will not be detrimental to the economic welfare of the community,
"(F) Will not involve uses, activities, processes, materials, equipment, and conditions of operation that will be detrimental to any person or property or the general welfare by reason of excessive production of traffic, noise, smoke, fumes, glare, or odors;
"(G) Will have vehicular approaches to the property which shall be so designed as not to create an interference with traffic on surrounding public streets or roads;
"(H) Will not result in the destruction, loss, or damage of a natural, scenic, or historic feature of major importance."
 {¶ 19} The evidence adduced at the various public hearings addressed the lack of harmony between appellees' proposed conditional use of the property and the general objectives of the city's land use plan. The evidence further addressed the lack of harmony between the appearance of appellees' property when used as proposed and the existing and intended character of the general vicinity. In particular, both the Planning Staff and Mr. Severns noted that appellees have been using the property for the proposed use for many years in violation of an injunction order. The injunction order found that the operations and conditions at the property were endangering the public health, safety, welfare and aesthetics, and constituted a nuisance. The land use plan was enacted expressly in the interests of public peace, health and safety. Further, Mr. Antenucci, the city planner, investigated and found appellants' proposed use of the property inconsistent with the viable commercial/industrial park economic development in the vicinity. In addition, there was substantial evidence that the area had developed industrially with a "campus-like" atmosphere, with less attractive activities taking place indoors. Mr. Severns asserted on two occasions that the enjoined activities for which appellees' were seeking a conditional use permit caused so much dirt and dust that he could not open the windows in his nearby home in the summer.
 {¶ 20} Rather than the assertion of mere conclusions, the investigations and evidence presented prior to the trial court's supplemental hearing presented a factual basis for the recommendations and decision to deny appellees' petition. Accordingly, the trial court abused its discretion when it discounted such evidence.
 {¶ 21} Further, this Court finds that the trial court abused its discretion by discounting Akron City Council's decision on the basis of Council's "lack of oral and/or written factual findings to support its decision, exacerbated by its failure to offer any evidence to support its decision in the May 18, 2004 common pleas court hearing." The trial court was charged with considering the "whole record" in rendering its decision. SeeHenley, 90 Ohio St.3d at 147. Instead, it is clear that the trial court accorded greater credibility and weight to appellees' evidence presented at the hearing before the court than to the record created before the administrative agency. Because appellants declined to present "additional evidence" which was already in the record, the trial court indicated that appellants' decision could not have been supported by a preponderance of reliable, probative and substantial evidence. Further, the trial court discounted the observations of appellees' neighbors in regard to the lack of harmony with the general vicinity and the excessive dust and dirt generated by appellees' use of the property, when such evidence was not again presented at the hearing before the court. However, the trial court relied on its own personal observations during its view of the property and vicinity as part of the hearing before the court to reach the opposite conclusion that appellees' proposed use was in fact harmonious with and not detrimental to the existing uses of other properties in the vicinity. A review of the trial court's analysis leads this Court to find merit in appellants' assertion that the trial court improperly accorded greater weight and credibility to appellees' evidence because it was presented at the hearing before the court and because appellants' declined to present additional evidence which was already contained in the "whole record" for the court's consideration. Accordingly, this Court finds that the trial court abused its discretion in its preferential consideration of the evidence adduced at the hearing before the trial court. Appellants' first assignment of error is sustained.
 ASSIGNMENT OF ERROR II
"THE LOWER COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT ALLOWED ADDITIONAL EVIDENCE, MERELY BECAUSE COUNCIL DID NOT ENTER FINDINGS OF FACT, WITHOUT ANY ANALYSIS OF THE RELEVANCY, THE CUMULATIVE NATURE OF THE EVIDENCE OR WHETHER THE ADDITIONAL EVIDENCE COULD HAVE BEEN PRESENTED BEFORE THE AKRON CITY COUNCIL, THEN RELIED UPON THE ADDITIONAL EVIDENCE TO THE PREJUDICE OF APPELLEES."
 ASSIGNMENT OF ERROR III
"THE LOWER COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT RELIED ON `EVIDENCE' NOT CONTAINED IN THE RECORD AS A BASIS FOR REVERSING AKRON CITY COUNCIL'S DECISION TO DENY THE APPLICATION FOR CONDITIONAL USE."
 {¶ 22} Because our discussion regarding resolution of appellants' first assignment of error is dispositive of this appeal, the remaining two assignments of error are moot and this Court declines to address them.
 III. {¶ 23} Appellants' first assignment of error is sustained. This Court declines to address the remaining two assignments of error. See App.R. 12(A)(1)(c). The judgment of the Summit County Court of Common Pleas, which reversed and remanded the decision of Akron City Council, is reversed.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
Whitmore, P.J., Boyle, J., concur.
[1] Appellees further filed a complaint for declaratory judgment, which the trial court subsequently dismissed. That dismissal is not a subject of this appeal.