[Cite as *Martucci v. Akron Civ. Serv. Comm.*, 194 Ohio App.3d 174, 2011-Ohio-1782.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

MARTUCCI,

    Appellant,

    v.

AKRON CIVIL SERVICE COMMISSION,

    Appellee.

C.A. No.     25414

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2009-08-6453

DECISION AND JOURNAL ENTRY

Dated: April 13, 2011

Michael B. Bowler and Vincent V. Vigluicci, for appellant.

Cheri B. Cunningham, Akron Law Director, and Stephen Fallis, Deborah M. Foria, and Tammy Kalail, Assistant Law Directors, for appellee.

FRENCH, Judge.

## INTRODUCTION

{¶1} Appellant, Dominic J. Martucci, appeals the judgment of the Summit County Court of Common Pleas, which affirmed the decision of the Akron Civil Service Commission denying appellant's appeal from the commission's removal of his name from the list of eligible candidates for appointment as a police officer. The commission removed appellant from eligibility because his age exceeds the maximum-age limitation (31 years) contained in a city ordinance. The ordinance, we conclude, is not inconsistent with state law. Having based its decision solely on the ordinance, the commission's decision to remove appellant from eligibility

was not arbitrary. Therefore, the trial court did not abuse its discretion by affirming the commission's decision to remove appellant from eligibility. We affirm.

BACKGROUND

{¶2} The charter for the city of Akron authorizes the personnel director of the commission to prescribe rules for open, competitive examinations to test applicants for positions within the classified service, including police-officer positions, and to maintain eligible lists of successful candidates. Akron City Charter 106. See also Akron City Charter 105. Prior to actually becoming a police officer, however, a successful candidate must also meet state statutory requirements. Important here, a person may receive an appointment as a police officer only if he or she first completes a basic training program approved by the Ohio Peace Officer Training Commission ("OPOTC"). See R.C. 109.77(B)(1)(a). Training programs may occur at the Ohio Peace Officer Training Academy ("OPOTA") or an approved local police academy. See R.C. 109.75(A) (allowing the executive director of OPOTC to approve peace officer training schools); R.C. 109.79 (establishing OPOTA).

{¶3} In July 2008, the commission announced competitive merit examinations for the position of police officer in the Akron police department. The bulletin identified minimum qualifications for the position, including the following: "Candidates must be within the age range [of] 21 years through 31 years."

{¶4} Appellant's date of birth is April 18, 1977. In August 2008, at the age of 31, appellant submitted an application in response to the posting. Thereafter, appellant received written instructions for taking a written examination and a notice that if he passed the written

exam, he may be required to pass additional tests and "successfully complete the academy."[1] The exam instructions identified the 21 to 31 years age requirement and stated: "If you are 31 now and turn 32 before appointment to the academy, you will be ineligible for the position. *Appointment date is your first day of paid status*." (Emphasis sic.)

{¶5} In December 2008, appellant received notice that his score on the written exam qualified him to participate in the OPOTA physical-fitness test, which he subsequently passed. Appellant's score on the written exam gave him a rank of 15 on the list of individuals eligible for appointment.

{¶6} In March 2009, the personnel director of the commission notified appellant that his name would be removed from the eligibility list. The letter noted that appellant would turn 32 on April 18, 2009. Because he could not be appointed before that date, he was ineligible for further consideration. Appellant appealed the letter to the commission, which denied his appeal after a hearing.

{¶7} Appellant appealed the commission's denial to the Summit County Court of Common Pleas. In a decision rendered April 22, 2010, the court affirmed the commission's denial. Appellant appealed to this court.

STANDARD OF REVIEW

{¶8} R.C. Chapter 2506 governs administrative appeals from decisions by a civil service commission. R.C. 2506.01. The appeal proceeds first to the court of common pleas. Id. R.C. 2506.04 prescribes the common pleas court's standard of review:

---

[1]It is unclear whether this reference to "the academy" is to OPOTA or an approved local academy; however, clarification of the reference is unnecessary to our decision.

[T]he court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.

{¶9} Our standard of review is more limited. We must affirm the court of common pleas unless that court's decision "'is not supported by a preponderance of reliable, probative and substantial evidence.'" *Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 613, quoting *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34. In making that determination, we apply an abuse-of-discretion standard. *Wilson v. Akron Council*, 9th Dist. No. 22793, 2006-Ohio-1483, ¶ 14. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621. When applying the abuse-of-discretion standard, we may not substitute our judgment for that of the trial court. Id.

{¶10} With these standards in mind, we turn to appellant's assignments of error.

ASSIGNMENT OF ERROR I

The trial court abused its discretion when it upheld the Civil Service Commission's invalid interpretation of Ohio Revised Code § 124.41.

{¶11} In this assignment, appellant contends that the trial court erred by enforcing the age limitation contained in the position posting. Specifically, he argues that the city ordinance giving rise to the age limitation is contrary to state law. We disagree.

{¶12} R.C. 124.41 provides that "[e]xcept as otherwise provided in this section, no person is eligible to receive an original appointment" as a police officer when that person is 35 years old or older, "and no person can be declared disqualified as over age prior to that time." The statute goes on to provide, however, that the "maximum age limitation established by this

section does not apply to a city in which an ordinance establishes a different maximum age limitation for an original appointment to the police department."

{¶13} The city of Akron has passed an ordinance that establishes a different maximum-age limitation for an original appointment to its police department. The city did so in 1998, when it passed Akron Ordinance No. 15-1998, which "establishes the maximum hiring age for original appointments to the Akron Police Department at thirty-one (31) years of age."

{¶14} Appellant contends that the age limitation of 31 years contained within the city ordinance contravenes the age limitation of 35 years contained within R.C. 124.41. To reach this conclusion, we would have to read R.C. 124.41 to prohibit a city from establishing a *lower* maximum-age limitation. As we noted, however, R.C. 124.41 expressly states that the 35-years-of-age limitation does not apply if a city establishes a *different* maximum-age limitation. Because the city of Akron established a different age limitation, the maximum-age limitation contained in R.C. 124.41 does not apply.

{¶15} Appellant also states that the city's adoption of a maximum-age limitation of 31 years was arbitrary. Appellant did not challenge the ordinance in his appeal before the commission. Rather, his first direct challenge to the ordinance was in his reply brief before the trial court, in which he argued, in a footnote, that the ordinance is "invalid and unconstitutional." The trial court rejected appellant's attempt to raise an argument for the first time in a reply brief, and he does not argue here that the trial court erred by doing so. An appellant who fails to raise a proper challenge in the trial court may not do so for the first time on appeal. *State v. Awan* (1986), 22 Ohio St.3d 120, 122 (as a general rule, an appellate court will not consider any error that a party could have called, but did not call, to the trial court's attention). We decline to address appellant's challenge to the ordinance.

{¶16} The trial court did not err when it affirmed the commission's enforcement of a maximum-age limitation of 31 years. Because appellant would reach the age of 32 prior to any appointment, the commission's removal of appellant's name from the list of eligible candidates for the police-officer position was fully consistent with the city ordinance. Therefore, we overrule appellant's first assignment of error.

## ASSIGNMENT OF ERROR II

> The trial court abused its discretion when it upheld the Civil Service Commission's denial of [appellant's] appeal regarding the arbitrary requirement that city of Akron police candidates must be between 21 and 31 years of age prior to appointment to the police academy.

{¶17} In his second assignment, appellant again argues that the city of Akron's adoption of a maximum-age limitation of 31 years is arbitrary, an argument that we have already declined to address. He also argues that the commission "failed to indicate what variables are considered when determining a start date for the academy."

{¶18} In making these arguments, appellant states that "it is undisputed" that he "has met the necessary qualifications to become a police officer for the city of Akron, both mentally and physically." While appellant has met many of the requirements for being appointed as a police officer, he cannot meet the maximum-age limitation of 31 years. Because appellant is more than 31 years old, he has not met the "necessary qualifications."

{¶19} As for the determination of a start date for candidates to enter the academy, we agree with appellant that the record provides little evidence as to how that determination occurs. Before the commission, the commission's personnel director "read the subject appeal into the record" and stated the following: "There are many variables to be considered when determining a start date for the academy. It would be difficult to establish a start date months in advance. As of today [July 30, 2009], no date for an academy has been established."

{¶20} On direct examination, appellant's counsel asked about appellant's "knowledge of the requirements for applying to the Akron Academy" and asked whether the city of Akron has its own academy. Appellant responded that the city of Akron has its own academy but that because he had already gone through the basic training program at OPOTA, he would only have to go through a refresher course.

{¶21} This evidence provides no indication of how, when, or by whom the decision is made to establish a class of candidates for the academy (whether characterized as an Akron academy or OPOTA) and appointment as police officers. While appellant criticizes the commission for this lack of evidence, it was his burden to show that the commission's decision to exclude him from eligibility was arbitrary. He presented no evidence to show that his removal arose from an arbitrary decision not to establish a class of candidates for basic training. With no evidence indicating that the commission's decision was arbitrary, the trial court did not abuse its discretion by affirming the commission's decision. Therefore, we overrule appellant's second assignment of error.

## ASSIGNMENT OF ERROR III

The trial court abused its discretion when it upheld the Civil Service Commission's unconstitutional denial of [appellant's] appeal of the city of Akron's arbitrary imposition of certain age requirements for police officers and failure to provide exemptions, in light of the city providing exemptions to female applicants from certain physical examinations.

{¶22} In his third assignment, appellant contends that his removal from eligibility violated his rights of equal protection. Specifically, he contends that the commission's decision not to exempt candidates over the age of 31 is arbitrary because the commission exempts women from certain physical-eligibility requirements.

{¶23}  First, appellant provided no evidence before the commission or the trial court that the commission does, in fact, exempt women from certain physical requirements for eligibility. Before the commission, appellant's counsel asked appellant if he had ever been informed that certain applicants were exempt from physical requirements.  Counsel for the city objected on grounds of relevancy, and the hearing examiner sustained the objection.  Appellant's counsel then argued that physical exemptions were relevant to the age limitation because "if you're arbitrarily exempting women from some of the physical requirements, as we've understood that some of the women were exempted from some of the physical requirements that are necessary * * * there is an exception being made for them, so we'd say it's highly relevant."  The hearing examiner again sustained the objection.  Appellant neither proffered his testimony, nor offered any other testimony or evidence concerning exemptions for women.  There was no evidence before the commission or the trial court to establish how, what, or to whom exemptions are granted.

{¶24}  But even if there were such evidence, we fail to see the logic behind appellant's argument.  Before the trial court, appellant contended that the commission's removal of his name from the list of eligible candidates was arbitrary in light of the commission's grant of exemptions from certain physical requirements for women applicants.  On appeal, appellant similarly contends that if the commission exempts women from certain requirements, then it has no rational basis for not exempting applicants from the maximum-age limitation.

{¶25}  The commission removed appellant's name from the eligibility list based on a city ordinance that established an age limitation of 31 years.  There is no evidence that the commission has ever granted eligibility to any applicant over 31, that its decision was in any way arbitrary, or that it removed appellant for any reason other than his age.  That the commission

may grant exemptions from other requirements for eligibility does not affect the commission's rational basis for enforcing the age limitation established by city ordinance.  Therefore, we overrule appellant's third assignment of error.

## CONCLUSION

{¶26}  Having determined that the trial court did not abuse its discretion by affirming the commission's decision to remove appellant from the list of eligible candidates for appointment as a police officer in the Akron police department, we overrule appellant's first, second, and third assignments of error.  We affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

MOORE, J., concurs.

BELFANCE, P.J., concurs separately.

BELFANCE, Presiding Judge, concurring.

{¶27}  I concur.  However, I write separately because I would affirm the commission's decision with respect to Martucci's second assignment of error for a different reason.

{¶28}  In his second assignment of error, Martucci argues in part that the commission "failed to indicate what variables are considered when determining a start date for the academy." However, in making this argument, Martucci has not explained how his focus on the variables considered for a start date for the academy are relevant to the propriety of the decision of the court of common pleas.

{¶29}  In its judgment entry, the common pleas court stated that "[t]he testimony at the hearing evidences that Mr. Martucci was going to turn 32 years of age prior to being able to obtain an *original appointment* to the Akron Police Department."  (Emphasis added.)  In my

view, Martucci has not demonstrated why this core determination, which refers to the language of the municipal ordinance, is not supported by a preponderance of reliable, probative, and substantial evidence.

{¶30} Akron City Ordinance 15-1998 provides that "Council hereby establishes the maximum hiring age for original appointments to the Akron Police Department at thirty-one (31) years of age." During the proceedings before the commission, neither party argued about the meaning of the term "original appointment." The common pleas court found that the evidence demonstrated that Martucci was going to turn 32 prior to being able to obtain an original appointment to the police department. Implicit in that determination is the court's view that an original appointment to the police department occurs at a point when all the necessary steps for hiring have been completed.

{¶31} In his merit brief, Martucci has not offered a definition of "original appointment" as employed in the ordinance and has not challenged the common pleas court's implicit determination of "original appointment." Rather, he contends that the commission's failure to indicate what variables and guidelines are considered when determining a start date for the academy somehow renders the commission's decision that Martucci was beyond the hiring age illegal, arbitrary, and unreasonable. However, the city's ordinance establishing the age limitation does not contain any reference to the start date of the police academy or in any way suggest that the start date for the police academy could serve as a reference point for defining the phrase "original appointment." Rather, the ordinance states that the maximum hiring age for original appointments to the police department is 31 years of age. Martucci has not argued that he was in fact 31 years of age at the time of original appointment and he did not offer a definition of "original appointment" when he appeared before the commission. Instead, he takes issue with

the *process* that presumably culminates in obtaining an original appointment. In light of his limited argument in this appeal, the meaning of the phrase "original appointment" is not properly before this court. In addition, to the extent that Martucci contends that the city's hiring process is unlawful, he has failed to develop this argument.

{¶32} Based upon this analysis, I would conclude that Martucci has not established that the common pleas court erroneously affirmed the commission's decision.